Your Honor, my name is William Cronin. I'm here on behalf of Todd Shipyards. Appellant Todd Shipyards raises two issues on appeal. The first issue is a question of first impression under Washington law. Namely, would the Washington Supreme Court toll the running of a one-year suit limitations clause in an insurance contract for the period of time between the insurance notice of loss and the insurance company's denial of coverage. And in this case, Todd provided notice of loss on March 2, 2001 and received a denial of coverage on December 17 of 2001, a period of time. And there was still plenty of time to file suit within the one-year period. So this was not a case where you submitted a claim and they held on to it past the one-year period. This is not a case where the denial of coverage was provided after the one-year period had expired. So you're asking us to invent an equitable estoppel or equitable tolling? Actually, what we're asking you to do is to certify this question to the Washington Supreme Court because it was not addressed directly by Judge Kagan's law. You have to show us that this is a substantial question with which we ought to bother the Washington Supreme Court. And you haven't done that with me yet. So why don't you try hard? I will try hard, Your Honor. First of all... We're looking for equitable tolling. Todd seeks equitable tolling for the period of time... So you are sort of trying to get some relief on equity. What is the equitable conduct that your client can show that would deserve an equitable exception to a provision that's authorized by statute? Well, my client spent nine months of the 12-month period after its notice of loss essentially documenting the loss, submitting the proof of loss, and awaiting a decision by the insurer... Did the client quickly rush to court as soon as it got its denial? Did it say, oh, you know, now that we've been denied by a company, we are going to be diligent, you know? He who seeks equity must do equity, remember? Yeah, well, Todd could have rushed to court at that period of time. I know they could have. Did they? No, they did not. They filed five months later. He who believes on his rights does not entitle to equity, right? Well, if you look at the cases that discuss the subject of equitable tolling, they treat it not as a rule they're adopting for the specific circumstances of the case presented by the facts before them, but it's a rule that the courts have adopted for the purposes of addressing an issue affecting all insurance policies and all policyholders that are governed by these one-year suit limitations clauses. Counsel, it looks to me as if the Washington courts, when they've talked about equitable tolling in a jillion other areas, have always talked about diligence, Judge Kudinsky's mentioning, and some at least tinge of unethical behavior on behalf of the person who's going to be nailed by the equitable tolling. Looking at this record and from what you've said, it is difficult to find diligence. It seems very difficult to find any tinge of unethical behavior. Washington, of course, provides it. If you're in the basis of heavy-duty negotiations, then they have to say, hey, guys, wait a minute. The statute's going to run, but that's not this case, it looks like. So I don't quite see, just offhand, where's the ill behavior on behalf of the insurance companies? Actually, we're not making the case that the insurance companies acted in an inappropriate or ill way here. What we're arguing is that as a matter of law, we believe if this issue were presented to the Washington Supreme Court, they would adopt as a matter of law the principle of equitable tolling. But you're not really talking about equitable tolling as Washington has ever spoken of equitable tolling. You're talking about a whole new principle that's not equitable tolling at all. It's just a lock. There's a one-year statute of limitations, but once we file a claim, it's tolled, period. Nothing to do with equity, it's just tolled as a matter of law. More like legislation. It's almost like, yeah, just a tolling rule. You know, like in the habeas area, you've got a rigid tolling rule and you've got equitable tolling, and it looks like you want just a rigid tolling rule. File a claim, stop the statute, the end, right? No. No? No. Tell me what you want then. Okay. File a claim, and then what? We do want the one-year limitations period that's in the contract to be tolled for the period of time. Between a notice of loss. File a claim, right? Yes. And what you want is the statute stops, tolls, stops until the insurance company acts on that claim, right? No. There's not a statute that specifies a one-year statute of limitations. What the statute specifies is that. You're talking about the statute. I'm saying you want the one year to stop as soon as you file the claim, right? Yes. And toll until they deny it, right? Yes. Your negative answers were really just saying it's a policy limitation period, not that it's a statute. That's correct. But the concept is correct, okay. That's correct. Sure, but it comes to the same thing. You want it stopped not as a matter of equity, but just as a matter of law. It just stops when it's filed, right? That's correct, and we believe that's the kind of relief. Essentially, what you want to do is take the exception in Washington Revised Code 4818-201C for property, marine, and transportation insurance and basically pull it out of there, right? The legislature said, look, as to various certain kinds of insurance, that they have got to run from the time the claim accrues. But they made an exception. The legislature made an exception, which the time the claim accrues is when you get to denial. But they make an exception for property and marine and transportation insurance. So what you really want to do is take the exception that the legislature has put in there and pencil it out. Essentially, what would happen is that as to all insurance, including property, marine, and transportation, the claim wouldn't start to run until the denial, until the claim accrues, the filing period. The relief, you've correctly described the relief that we're seeking. The reason we're seeking that relief and the reason we think it's appropriate in this case is what's at stake here is an insurance contract. And historically, if you look at the decisions of the Washington Supreme Court, the Washington Supreme Court in a number of cases — Let me just understand that we have a statute that draws a distinction between types of insurance contracts. This is the legislature of the State of Washington. And what you want us to do is you want us to erase the distinction that the legislature drew. What you want to say is all claims must be no more than a year from the date the claim accrues, which is, of course, the date of denial. An insurance claim is the date of denial. The legislature said, no, it's a certain contract. You can make the one year run from the date of occurrence. What I believe the legislature said in the statute is in certain contracts, it's permitted to have statutes and limitations as short as one year. Right. And what you want us to do is to say one year from the date the claim accrues, which is the denial of the claim. That's correct. Okay. That is the general rule. But the legislature has said as to certain kinds of insurance contracts, that period of one year can start on the date of occurrence. And what you want us to do is take that second sentence out of that statute. Basically, all claims start on the date of denial under the equitable rule, as you would suggest. We think it's appropriate to adopt the tolling rule in order to reconcile the ability to limit the statute of limitations to one year. I realize that you think it's appropriate. I'm just asking you, the effect of what you're saying would be to take that second sentence in. Disagree with me if you disagree. I just want to understand what you're asking us to do. The effect of it would be to basically strike out the last sentence, the second sentence of 4818-201C. Let me – I disagree with you. Is that not the effect of what you're asking us to do? No, I don't think that's – I don't think that that's what the Washington legislature intended. Let me explain, if I can. That's what I think it would be. Under that reading of the Washington statute, if an insurance company did not deny coverage within a one-year period, say they took 13 months to do so, for whatever reason, and then they denied coverage, at that time the claim would be ripe, but you'd be taking the position the Washington legislature had prohibited policyholders from advancing claims under that circumstance. And I don't think that's what they intended. I understood nothing of what you said. I have no idea what you just said. Okay. What I said is the Washington legislature has said that one year should be permitted. It's okay to permit one year. But one year from when? One year from the date of the loss. From the date of the loss. From the date of the loss. You can make a specific exception for certain contracts. As the most contracts, the one year runs from the date of denial, and so these contracts you can make it go back to the date of the loss. What you want to do is to say that last sentence that says you can go back to the date of the loss is just removed from the statute, because as to all contracts, including this contract, the period doesn't start to run until the denial. What I'm contending is you need to give a reasonable reading to the statute, and you can't read the statute in a way to mean that if there's no denial of coverage, if there's no decision by coverage, there's no dispute yet, and you can't read the statute to mean that if an insurer delays, for any reason, in acting on a claim for coverage, for example, delays 13 months, then denies, you can't read the statute as saying, okay, under that circumstance, you no longer have a claim, because you have to reconcile the claims handling process with the statute. I don't know that I'm offended by that. You know you have 12 months past from the date of, you know, 11 months past. You haven't got an answer. You go to court and preserve your rights. But that's a different case from the one we have here. Maybe you would have a claim for spot application of equitable tolling if they pushed you past the one-year limitation period. Then you say, look, we have clean hands, they have dirty hands, we want equitable tolling. But that's a different case. In your case, you have plenty of time after they deny the claim, and you wind up not going to court, you know, because somebody made a mistake. Yeah. I'll just make the point that the State Supreme Courts of Michigan, California, and New Jersey, faced with essentially the same statute, adopted precisely the same rule that we're suggesting the Washington Supreme Court would adopt. Thank you. Thank you. Good morning. My name is Scott Johnson. I represent Appley Westport Insurance Corporation. I'm going to be addressing the issue of removal, the removal issue this morning. Mr. Peter Canaris, representing Allianz, will address the court. Is there anything you heard today that, based on what you heard today, that the issues are not adequately covered in your brief? No. I was just going to say, I was going to be very brief, insofar as they did not raise the removal issue here in oral argument. You said no, but you actually mean yes. Yes. So go right ahead. They were not adequately covered in your brief. Your Honor, it was. By all means, speak.  The only thing I want to add is, since the filing of the brief, five additional courts have looked at this very same removal issue. We cited those to the court in a letter dated September 27, 2004. And for the first time, one of the circuit courts of appeal has looked at this issue, and all five of those courts reached the same conclusion that the district court did here, that the time for removal runs on the date of actual receipt by the defendant and not on the date of service on a statutory agent. Well, please forget it. The point is, judgment's been issued. It's over. The Ninth Circuit has said, it's finished. We don't go back and look at the removal anymore. It's gone. Isn't it? I think so under the Perino case. If you really thought so, you wouldn't have. Isn't it? At the end? I think it is on the removal issue. Huh? I think that it's the end on the removal issue, and I think Mr. Kinnear should address the Court on the equitable tolling issue. I'm sure he'll do just as good a job as you did. I hope so. Any other questions on the removal issue? No. Thank you. Good morning. My name is Peter Kinnear, and I represent Allianz Insurance Company. What's your answer to the question I posed to your co-counsel? There's nothing in it. Is it too brief and adequate as well? No, it's very adequate, and I think it covers all the issues here. There is really nothing more that I can add. Thank you. Thank you. Agents, are you with counsel today?
judges: Kozinski, Fernandez, Clifton